UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61236-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

SAMUEL L. ANDERSON,          :

    Petitioner,              :

v.                           :     REPORT RE DISMISSAL
                                   §2254 PETITION
JAMES R. McDONOUGH,          :     AS TIME BARRED

    Respondent.              :
_____

    Samuel L. Anderson, a state prisoner currently confined at Moore Haven Correctional Facility at Moore Haven, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking on four grounds his enhanced sentences entered in Case Nos. 01-20937, 01-18964, and 01-19820 in the Circuit Court of the Seventeenth Judicial Circuit at Broward County, Florida.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The undersigned notes at the outset that the United States District Judge assigned to the instant habeas corpus case, the Honorable James I. Cohn, was the state trial court judge who imposed judgment and sentence in the subject state criminal cases when presiding as former Broward County Circuit Court Judge. Accordingly, Judge Cohn may want to consider recusing himself from this case and referring the matter to the Clerk of Court for permanent reassignment to another Judge in accordance with the

blind random assignment system.

For its consideration of the petition, the Court has the petitioner's response to an order regarding the limitations period and the respondent's response to an order to show cause with multiple exhibits.

The pertinent procedural history of this case is as follows. Anderson was convicted upon negotiated pleas of nolo contendere entered on June 3, 2002, of the offenses of burglary of a dwelling and three counts of dealing in stolen property (Case No. 01-18964); one count of burglary of a dwelling and one count of grand theft (Case No. 01-19820); and one count of burglary and one count of dealing in stolen property (Case No. 01-20937). (DE# 11; Ex. 1, 2). See also http://www.dc.state.fl.us. Pursuant to the negotiated plea agreement, Anderson was sentenced on the same date as an habitual felony offender and prison releasee reoffender to a total term of imprisonment of eighteen years with a mandatory minimum term of fifteen years. (DE# 11; Ex. 3). Two days later, on June 5, 2002, Anderson filed a motion to withdraw plea, which was denied without prejudice on June 21, 2002, to Anderson filing a motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. (DE# 11; Ex. 4, 5). Anderson did not take an appeal from the denial of his motion to withdraw plea, instead filing approximately seven months later on January 30, 2003, a pro se Motion to Correct Illegal Sentence pursuant to Fla.R.Crim.P. 3.800(a), alleging that sentencing him as both a prison releasee reoffender and habitual felony offender violated his protections against double jeopardy. (DE# 11; Ex. 6). The motion was summarily denied on April 15, 2003. (DE# 11; Ex. 7).

2

While his Rule 3.800 motion was pending, Anderson filed a Rule 3.850, claiming that the trial court violated Florida law when it sentenced him as a prison releasee reoffender for burglary of an unoccupied structure. (DE# 11; Ex. 8). The trial court summarily denied the motion for the reasons expressed by the state in its response in an order entered on May 29, 2003. (DE# 11; Ex. 9, 10). The trial court's ruling was per curiam affirmed in a decision without written opinion; see Anderson v. State, 856 So.2d 1008 (Fla. 4 DCA 2003), with the mandate issuing on November 14, 2003. (DE# 11; Ex. 13). In four additional Rule 3.800(a) motions filed on June 25, 2003; November 13, 2003; November 23, 2004[1]; and February 7, 2006, respectively, Anderson continued to challenge his enhanced sentences on various grounds, including the claim that his sentence was violative of the principles set forth in Heggs v. State, 759 So.2d 620 (Fla. 2000) and Taylor v. State, 818 So.2d 544 (Fla. 2 DCA 2002)[2] (DE# 11; Ex. 14, 20, 29). After responses had been filed by the state, the trial court summarily denied the motions by orders entered on August 22, 2003; December 12, 2003; April 11, 2005; and April 6, 2006, respectively. (DE# 11; Ex. 15, 16, 21, 22, 30, 31). Anderson took appeals from the trial court's denials of his second, third and fifth motions, and the trial court's rulings were upheld by the appellate court. See Anderson v. State, 868 So.2d 53 (Fla. 4 DCA 2003); Anderson v. State, 873 So.2d 335 (Fla. 4 DCA 2004); Anderson v. State, 932 So.2d 208 (Fla. 4 DCA 2004).

---

[1]The respondent has apparently inadvertently failed to provide this Court with copies of Anderson's fourth Rule 3.800 motion, the state's response and order of denial, although the respondent refers to the state court records by Exhibit number. Since the petitioner does not challenge the dates provided by the respondent with regard to the filing of his fourth motion and order entered on the motion, they will be accepted as true for this federal proceeding.

[2]The Florida Supreme Court held in Heggs that the 1995 amendments to the Florida sentencing guidelines were unconstitutional as violative of the single-subject rule of the Florida Constitution. Similarly, in Taylor, the Florida Second District Court of Appeal held on January 23, 2002, that the Prison Releasee Reoffender Act violated the single-subject rule of the Florida Constitution. Rehearing was denied in the case on April 23, 2002.

3

The mandates issued on March 12, 2004; June 4, 2004; and July 14, 2006, respectively. (DE# 11; Ex. 19, 25, 34).

The instant federal habeas corpus proceeding followed on August 10, 2006.[3] In response to the order to show cause, the respondent asserts inter alia that this petition should be dismissed as untimely filed.[4] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[5] This period is tolled while a properly filed application for State post-conviction relief or

---

[3]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 14)(DE# 1).

[4]Because the respondent's argument that this petition is time-barred is meritorious and dispositive of the petition, this Court need not address the other procedural defenses asserted by the respondent or the merits of the claims presented.

[5]The statute provides that the limitations period shall run from the latest of —

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgments of conviction and sentence in the underlying criminal cases became final at the very latest on July 22, 2002, the expiration of the thirty-day appeal period from the order denying Anderson's motion to withdraw plea.[7] See Fla.R.App.P. 9.140(b)(2)(A)(ii), (b)(3). Since this federal petition for writ of

---

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

[7]Under Florida law, a defendant can move to withdraw a plea within thirty days after the sentence has been rendered. See Fla.R.Crim.P. 3.170(l); Fla. R.App.P. 9.140(b)(2)(A)(ii). Pursuant to Florida Rule of Appellate Procedure 9.140(b)(3), defendants in criminal cases are required to commence their appeals within 30 days of rendition of a written order imposing sentence. When a defendant files a motion to withdraw plea, the time for filing his notice of appeal is tolled. See Fla.R.App. P. 9.020(h)(1). See also McGee v. State, ___ So.2d ___, 2007 WL 289357 (Fla. 2 DCA 2007). Since the time for filing the notice of appeal fell on a Sunday, July 21, 2002, Anderson would have had until Monday, July 22, 2002, for the filing of his notices of appeal. See Fla.R.App.P. 9.420(e).

habeas corpus challenging the instant sentences was not filed until August 10, 2006, well-beyond one year after the date on which the sentences became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Anderson actively pursued collateral relief in the state trial and appellate courts. After giving Anderson all the tolling time for which he is entitled during the pendency of his state postconviction proceedings, Anderson had until May 16, 2005, in which to file a timely federal petition. Accordingly, Petitioner's final application for state post-conviction relief filed after that date (i.e., postconviction proceedings instituted on February 7, 2006, through July 14, 2006) had no tolling effect on the AEDPA's limitation period because it was filed after it expired and once the limitation period expires, it cannot be reinitiated.[8]

Given the chronology of events as outlined above, more than one year elapsed between the date Anderson's habitual felony offender and prison releasee reoffender sentences became final and the date on which he filed the instant petition, as maintained by the respondent. Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, the petition is time-barred. See §2244(d)(1)(B)-(D). An order was

---

[8]The limitations period was not tolled during the pendency of the final Rule 3.800 proceedings, because that proceeding was not commenced until February 7, 2006, after the one-year limitations period had already expired on May 16, 2005. See 28 U.S.C. §2244(d)(2). On May 11, 2005, there were 362 days of untolled time (i.e., the time after the fourth motion had been denied by the trial court, after giving Anderson the additional thirty-day appeal period), and Anderson then waited an additional 271 days before filing his final Rule 3.800 proceeding, rendering that proceeding untimely. It is now well-settled that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001). See also Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

6

entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 4). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. Anderson has filed a response to the order, asserting that his judgments of conviction and sentence became final on June 3, 2003, and that the one-year limitations period was tolled until June 2006, the conclusion of his state postconviction proceedings. See Response to Limitation Period. (DE# 8). For the reasons stated above, Anderson's convictions and sentences became final at the latest on July 22, 2002, and after giving him all the tolling time in which he is entitled, this petition is time-barred. Anderson has, therefore, offered no valid excuse whatever for the late-filing.

Anderson may be asserting that the petition is timely, because it was filed within one year of the dates of various state court decisions holding that certain enhancement statutes were unconstitutional; see, e.g., Taylor v. State, 818 So.2d 544 (Fla. 2 DCA 2002) and Heggs v. State, 759 So.2d 620 (Fla. 2000), after affording him all the tolling time for which he would be due for the time his state postconviction proceedings were pending. Id. If so, such an assertion is unavailing. Anderson is improperly attempting to extend the one year limitation period based upon the dates of state appellate cases which establish new state law. Section 2244(d)(1)(C) provides for the timely filing of a petition for writ of habeas corpus within one year of the date on which the Supreme Court newly recognizes a right which is retroactively applicable to cases on collateral review. In this case, for the statute of limitations to run from a time other than the date the judgment became final, the claim of this federal petition must be

based upon a constitutional right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. See 28 U.S.C. §2244(d)(1)(C). Anderson can make no such claim. Further, it is noted that Heggs and Taylor were decided before Anderson's sentences became final. It is further noted that the decision in Taylor has been overruled by the Florida Supreme Court. See Franklin v. State, 887 So.2d 1063 (Fla. 2004).

Moreover, there is no indication whatever in the record that Anderson is entitled to equitable tolling in that Anderson has not demonstrated that the delay in pursuing federal habeas relief was the result of a rare circumstance beyond his control that was unavoidable with due diligence. See Diaz v. Secretary for Dept. of Corr., 362 F.3d 698, 702 (11 Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights").

Finally, the record does not indicate that Anderson was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of

8

habeas corpus, and his status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

The time-bar is ultimately the result of Anderson's failure to timely institute state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on August 10, 2006, is untimely, Anderson's challenges to the lawfulness of his sentences are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.[9]

---

[9] It is noted that even if this petition were not time-barred, it does not appear that Anderson would not be entitled to relief in this federal habeas corpus proceeding. In this federal proceeding, Anderson essentially attacks the lawfulness of his habitual felony offender and prison releasee reoffender sentences as violative of Florida sentencing laws. Generally, such a challenge is not cognizable in a federal habeas corpus proceeding in that it involves only alleged state sentencing errors. Federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988), and cases cited. 1976). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. A state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when it is "couched in terms of equal protection and due process." Id. at 1508, quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5 Cir. 1976). Therefore, a state decision affecting only the sentencing rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application. There is nothing in the record to indicate that fundamental due process was denied in Anderson's case. Moreover, for the reasons asserted by the Florida trial court in the many state postconviction proceedings, which rulings were affirmed by the state appellate court, it is apparent that the sentences comport with the laws of Florida.

It is, therefore, recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 19th day of March, 2007.

UNITED STATES MAGISTRATE JUDGE

cc: Samuel Anderson, Pro Se
DC# L07650
Moore Haven Correctional Facility
P. O. Box 718501
1900 East State Road 78 NW
Moore Haven, FL 33471

Claudine LaFrance, AAG
Office of the Attorney General
Department of Legal Affairs
1515 North Flagler Drive, #900
West Palm Beach, FL 33401